## Davis vs. Ballard.

Error to the Madison Circuit; GEO. SHANNON, Judge.

*Mistakes. Amendments in this court. Injunctions. Damages. Statutes.*

Judge MILLS delivered the opinion of the Court.

This case was heretofore decided in this court; and the mandate then sent to the court below, directed that court to render judgment in favor of Davis, for the ten per centum damages given on the dissolution, by act of assembly.

In obedience to this mandate, the court below made an entry, simply directing Davis to recover the "damages mentioned in the opinion" of this

*Margin notes:*
CHANCERY.

Case 128.

October 27.

Decree of the circuit court for perpetual injunction, reversed here, and mandate for damages.

Decree of the circuit court

DAVIS
vs.
BALLARD.

for damages, without specifying the amount, or on what sum.

Facts of the case.

court, and refused to render a decree for ten per cent. on the amount of the judgment at law, because it appeared by the record in the court below, that no injunction bond had ever been entered into, and no original injunction, at the commencement of the cause, had ever issued. Thus the decree for damages, in obedience to the mandate of this court, was made so uncertain, that it could not be ascertained thereby what sum in damages was to be recovered. To remove this uncertainty, and to ascertain the damages to be recovered, Davis has prosecuted, against Ballard, this writ of error.

Mistake in an opinion of this court, ordering damages where none were recoverable, might probably be corrected at a subsequent term, as a clerical mistake.

The decree of the court below, refusing to specify the damages recovered, is erroneous. We do not place the right of Davis to recover damages on the ground that the mandate of this court has directed damages, though by mistake; that the term is over, and it cannot be now corrected. For such a mistake in the entry in this court, might probably be held a clerical mistake, and be corrected by the record, which would afford enough to amend by.

Where the final decree of the circuit court, awarding a perpetual injunction against a judgment at law, is reversed here, the damages are recoverable though there had been no previous injunction.

But by examination of the original decree which was reversed by this court, it will be perceived that, by its terms, a perpetual injunction was awarded to Ballard, and by the reversal, that injunction must consequently be dissolved. We do not deem it material whether the injunction issued at the commencement of the suit, or during its progress, or at its final termination. If it is an injunction upon a judgment at law, for money, and has to be dissolved, it is within the act of assembly, and is as completely embraced as if it had been issued at the origin of the suit. The mandate of this court was not a mistake, but was correct, and ought to have been obeyed in the court below, by rendering a decree for ten per centum damages on the amount enjoined by the perpetual injunction, awarded by the final decree, which was here reversed.

Mandate.

Decree giving damages reversed with costs, and cause remanded, with directions to the court below to render a decree for ten per centum damages, on the judgment at law.

*Caperton* for plaintiff; *Turner* for defendant.